UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-21004-CR-ALTONAGA

UNITED STATES OF AMERICA

vs.

STEPHEN M. COSTA,

      Defendant.
_____/

## RULE 20 PLEA AGREEMENT

The United States of America and Stephen M. Costa (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant and the United States of America agree to move for a transfer of his case in United States District Court for the Southern District of New York, Case Number 13-CRIM-963, to the Southern District of Florida for a guilty plea and sentencing, pursuant to Federal Rule of Criminal Procedure 20.

2. The defendant agrees to plead guilty to count 1 of the indictment, which count charges him with conspiracy to commit health care fraud, in violation of Title 18, United States Code, Section 1349.

3. The United States agrees to seek dismissal of the remaining count of the indictment after sentencing.

4. The defendant is aware that his sentence will be imposed by the court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant understands that the court will determine his advisory sentence

range under the Sentencing Guidelines, by relying in part on a Pre-Sentence Investigation conducted by the court's Probation Office after his guilty plea has been entered. The defendant further understands that the court is required to consider the Sentencing Guidelines advisory range, but is not bound to impose that sentence; the court is permitted to decide his sentence based upon other statutory concerns, and his sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands that the court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw his plea solely as a result of the sentence imposed.

5. The defendant understands and acknowledges that the court may impose a statutory maximum term of imprisonment of up to ten years, followed by a term of supervised release of up to 3 years. In addition to a term of imprisonment and supervised release, the court may impose a fine of up to $2.4 million.

6. The defendant understands that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $100 will be imposed. The defendant agrees that the special assessment shall be paid at the time of sentencing.

7. The United States reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and his background. Subject only to the express terms of any sentencing recommendations contained in this agreement, the United States further reserves the right to make any recommendation as to the quality and quantity of punishment.

8.  The United States and the defendant jointly agree to recommend that the defendant be held accountable for offense conduct involving $1.2 million of fraud, for the purpose of sentencing guidelines computations under Guidelines Section 2B1.1.

9.  The United States agrees to recommend at sentencing that the court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's affirmative and timely acceptance of personal responsibility for his offense. If the defendant's guideline range is level 16 or above, the United States will move for an additional one-level reduction pursuant to Sentencing Guideline Section 3E1.1(b).  However, the United States will not be required to make this motion or recommendation if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the Probation Office of his relevant offense conduct; (2) is found to have misrepresented relevant facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement; including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any government entity or official.

10. The defendant is aware that his sentence has not yet been determined by the court. The defendant also is aware that any estimate of the probable sentencing range or sentence that he may receive, whether that estimate comes from his attorney, the government, or the Probation Office, is a prediction, not a promise, and is not binding on the government, the Probation Office, or the court.  The defendant further understands that any recommendation that the government makes to the court as to sentencing, whether pursuant to this agreement or otherwise, is not

binding on the court and the court may disregard the recommendation in its entirety. The defendant understands that he may not withdraw his guilty plea even if the court declines to accept any motions or recommendation made on his behalf.

11.  This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings.

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: 9-15-15   By: _____
FRANK H. TAMEN
ASSISTANT UNITED STATES ATTORNEY

Date: 9/15/2015   By: _____
LILLY ANN SANCHEZ
ATTORNEY FOR DEFENDANT

Date: 9/15/2015   By: _____
STEPHEN M. COSTA
DEFENDANT

4